

MAR 0 4 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Karen Brode, an individual,

    Plaintiff/Counter-Defendant,

vs.                         Case No. 2:09-cv-14212

BOSQUETT & COMPANY, a Michigan    Hon. Denise Page Hood
Corporation                       Magistrate Judge R. Steven Whalen

    Defendant/Counter-Plaintiff,

And

DAVID D. FISCHER, an individual,

    Defendant.

---

LEHMAN & VALENTINO, P.C.
By:  Paul G. Valentine (P34239)
Attorneys for Plaintiff
43494 Woodward Avenue, Suite 230
Bloomfield Hills, MI  48302
(248)334-7787

STARR, BUTLER, ALEXOPOULOS &
STONER, PLLC
By:   Alex L. Alexopoulos (P40547)
      Barbara A. Rohrer (P58807)
Attorneys for Defendants/Counter-Pl.,
20700 Civic Center Drive, Ste. 290
Southfield, MI 48076
(248) 554-2700

BERRY MOORMAN P.C.
By:  Sheryl A. Laughren (P34697)
      Robert W. Morgan (P24956)
Co-Counsel for Defendants/Counter-Pl.,
535 Griswold, Suite 1900
Detroit, MI  48226
(313)496-1200

---

## PROTECTIVE ORDER AND STIPULATION

On stipulation of the parties, the Court enters this order under the Federal Rules of Civil Procedure 26(c).

IT IS ORDERED:

1.      This protective order will only apply to documents (excluding affidavits) produced by nonparty Ralph C. Wilson Agency, Inc. in response to Defendant Bosquett & Company's subpoena dated January 6, 2011 (attached as Exhibit A).

2.      As used in this order, "confidential material" means documents designated "confidential" by a party.

3.      Except as otherwise indicated below, documents designated as "Subject to Protective Order" or "Confidential" or "Attorneys Eyes Only" that are produced or delivered shall be Protected Documents and given confidential treatment as described below. A disclosing person or entity seeking protection will visibly mark the first page of all confidential material "Subject to Protective Order" or "Confidential." A document marked Subject to Protective Order or Confidential shall be subject to the protections listed in Paragraph 5 below. However, Protected Documents may be filed as exhibits with pleadings in this case.  Designation of an item as confidential is a representation that the designating party, in good faith, believes that the item contains material subject to protection under the Federal Rules of Civil Procedure.

4.      Inadvertent or unintentional disclosure of confidential material by the producing party does not waive the party's claims of confidentiality.

5.      A party producing confidential material may disclose that material to other persons without waiving confidentiality in this action.

6.    Confidential material may be used only for purposes of this action.  Both the Protected Documents and the information contained therein shall be treated as confidential.  All parties shall use any Protected Documents solely for purposes related to prosecution or defense of claims in this action.  Except upon the prior written consent of the party designating a document "Confidential" or "Subject to a Protective Order" or upon order of the Judge, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)    The parties, counsel of record for the parties to this action including other members of counsels' law firms and any other counsel associated to assist in the preparation or hearing of this case;

(b)    The Judge, case evaluators, witnesses and/or potential witnesses in this case;

(c)    Retained consultants or experts (testimonial and non-testimonial) and employees of said parties directly involved in the prosecution or defense of this litigation;

(d)    Persons giving testimony in this litigation.  A deponent may during the deposition, be shown, and examined about, stamped protected documents. Deponents shall not retain or copy portions of the transcript of their depositions that contain protected information, or documents, not provided by them or the entities they represent unless they sign or verbally agree on the deposition record to the conditions prescribed in this Order.  A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before his or her deposition.

(e)     If a Protected Document is designated as "File Under Seal" or "Attorneys Eyes Only" and a party wishes to attach the document to a pleading or other paper to be filed in this case, the exhibit (and the paper itself if it contains quotations or imparts the information contained in the document) shall be filed under seal; and

(f)     As to any document containing Confidential Information, the person who generated the Confidential Information or authored the document or was an addressee of the document is an authorized person with respect to that document in the context of deposition testimony or interrogatories addressed to the party..

7.     If confidential material is included in a paper filed with the Court, the filing party must instruct the Court Clerk that, except as otherwise provided by the Court, it is to be sealed under this protective order and not to be disclosed to any person other than the Court and counsel for the parties to this action.

8.     If, at a hearing or at trial, a party intends to offer confidential material into evidence, that party must inform all counsel a reasonable time in advance so that the party who designated the material confidential may take such steps as it deems reasonably necessary to preserve the confidentiality of the material.

9.     A party may at any time serve notice of objection to a designation of an item as confidential and may move for an order vacating or modifying the provisions of this order as to that item.  A party is not obligated to challenge the designation of confidential material at the time made and a failure to do so does not preclude a later challenge.  If no such motion is served, the item in question continues to be entitled to the protection of this order.  If a party should so move, the parties must continue to treat

the item in question as confidential until the Court vacates or modifies this order with respect to the item in question.

10.    This order is without prejudice to the right of a party to apply to the Court for further protection or disclosure.

11.    This order is without prejudice to the right of a party to oppose production of any information for lack of relevance or on any other ground.

12.    On final termination of this action, including any appeals, at the request of the designating party, the other party must return or destroy all confidential material produced or designated in this action and all copies, abstracts, summaries, and documents containing information taken from confidential material.

13.    The Court retains jurisdiction to enforce this order after termination of this action.

**MAR 0 4 2011**

Dated: _____          _____

Denise Page Hood, District Court Judge

## STIPULATION

We stipulate to entry of this order.

KEMP KLEIN LAW FIRM

LEHMAN & VALENTINO, P.C.

By:   /s/ Thomas O'Connor (/w consent)
    Thomas O'Connor (P30484)
    Attorneys for Ralph C. Wilson Agency, Inc.

By:   /s/ Paul G. Valentino (/w consent)
    Paul G. Valentino (P34239)
    Attorneys for Plaintiff

Dated:  February 14, 2011

Dated:  February 15, 2011

STARR, BUTLER, ALEXOPOULOS &
STONER, PLLC

BERRY MOORMAN P.C.

By:  /s/ Alex L. Alexopoulos (w/ consent)
    Alex L. Alexopoulos (P40547)
Attorneys for Defendants

By: /s/ Sheryl A. Laughren
    Sheryl A. Laughren (P34697)
Co-Counsel for Defendants

Dated:  February 15, 2011

Dated:  February 15, 2011

680848

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | | |
|---|---|---|
| Karen Brode | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:09-cv-14212 |
| Bosquett & Company, et al. | ) | |
| | ) | *(If the action is pending in another district, state where:* |
| *Defendant* | ) | |
| | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Ralph C. Wilson Agency, Inc.,
   Attn: Stefano A. Vannelli, 26026 Telegraph Rd., Suite 100, Southfield, MI 48034

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See Exhibit A, attached.**

| Place: Berry Moorman P.C. 535 Griswold, Suite 1900. Detroit, MI 48226 | Date and Time: 01/25/11 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    01/06/2011

CLERK OF COURT

                                OR

_____                    _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*  P70947

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Defendants
Bosquett & Company, David Fischer                              , who issues or requests this subpoena, are:
Richard R. Zmijewski, Esq. / Berry Moorman P.C.
535 Griswold, Suite 1900, Detroit, MI 48226
richardz@berrymoorman.com / (313) 496-1200

# EXHIBIT A

- Identify every person, company and/or entity (hereinafter "customers") that Karen Brode directly or indirectly introduced to the Ralph C. Wilson Agency that purchased/obtained/acquired property, casualty, life, health, bonds, surety, or any other type of insurance, both personal and commercial, through the Ralph C. Wilson Agency from January 1, 2009 to the present. In addition, for each such policy, please produce any and all documents, records, notes, diaries, correspondence, papers, or electronic records that in any way reflect the type of insurance those customers purchased/obtained/acquired, the effective dates of coverage, the money paid to Karen Brode in commissions or other compensation either directly or indirectly, and the commissions the Ralph C. Wilson Agency received.

- Identify every person, company and/or entity that Karen Brode has serviced during her employment with the Ralph C. Wilson Agency for whom the Ralph C. Wilson Agency has paid Gordon St. John and/or Conrad Conti a commission or other compensation either directly or indirectly.

- Identify every person, company and/or entity (hereinafter "customers") that Gordon St. John directly or indirectly introduced to the Ralph C. Wilson Agency that purchased/obtained/acquired property, casualty, life, health, bonds, surety, or any other type of insurance, both personal and commercial, through the Ralph C. Wilson Agency from January 1, 2009 to the present. In addition, for each such policy, please produce any and all documents, records, notes, diaries, correspondence, papers, or electronic records that in any way reflect the type of insurance those customers purchased/obtained/acquired, the effective dates of coverage, the money paid to Gordon St. John in commissions or other compensation either directly or indirectly, and the commissions the Ralph C. Wilson Agency received.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:09-cv-14212

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☑ I served the subpoena by delivering a copy to the named person as follows: *via certified*

*mail, return receipt requested* _____

on *(date)*  *1-10-11*  ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date:  *1-10-11*

_____
Server's signature

*MARYANN T. SZPONT, SECRETARY*
Printed name and title

*BERRY MOORMAN PC*
*535 Griswold, Ste 1900*
*Detroit, MI 48226*
Server's address

Additional information regarding attempted service, etc:

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ralph C. Wilson Agency, Inc
ATTN: STEFANO A. VANNELLI
26026 Telegraph Road
Suite 100
Southfield, MI  48034

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Amir Hall_         ☐ Agent
                      ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
_Ami Hall_                        1-12-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   XX No

3. Service Type
XX Certified Mail      ☐ Express Mail
☐ Registered           ☐ Return Receipt for Merchandise
☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0000 4781 0201

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage $ | .61 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees $ | 5.71 |

mailed

Postmark
Here
1/10/11

Sent to Ralph C. Wilson Agency, Inc.
ATTN: STEFANO A VANNELLI
Street, Apt. No.; or PO Box No. 26026 Telegraph, Ste. 100
City, State, ZIP+4 Southfield, MI  48034

PS Form 3800, August 2006    See Reverse for Instructions

7007 3020 0000 4781 0201